WEIZHI WEI, Petitioner,

v.

U.S. ATTORNEY GENERAL,
Respondent.

No. 15–13704
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 8, 2016.

Hongwei Shang, Law Office of Hongwei Shang, LLC, Miami, FL, for Petitioner.

Corey Leigh Farrell, Colin J. Tucker, U.S. Department of Justice, OIL, Office of Immigration Litigation, Washington, DC, Michelle Ressler, District Counsel's Office USICE, Miami, FL, for Respondent.

Before TJOFLAT, HULL and JILL PRYOR, Circuit Judges.

PER CURIAM:

Weizhi Wei, a native and citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Wei contends that the BIA and IJ erred by denying him relief based on an adverse-credibility determination. After review, we deny Wei's petition.

## I. GENERAL PRINCIPLES

An asylum applicant must show, with specific and credible evidence, either past persecution or a well-founded fear of future persecution on account of a protected ground. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286–87 (11th Cir.2005); 8 C.F.R. § 208.13(b). Similarly, an applicant for withholding of removal must show that it was more likely than not that he will be persecuted on a protected ground. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir.2003); 8 C.F.R. § 208.16(b). Under CAT, the applicant must show that it is more likely than not that he will be tortured if removed. 8 C.F.R. § 208.16(c).

An adverse credibility determination standing alone is sufficient to support the denial of asylum or withholding of removal when there is no other evidence of persecution. *Forgue*, 401 F.3d at 1287. If, however, the applicant submits other evidence of persecution, the IJ must consider this evidence as well. *Id.*

The IJ, in evaluating credibility, must consider the totality of the circumstances, including: (1) the applicant's demeanor, candor, or responsiveness; (2) the inherent plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; (5) the consistency of the statements with other record evidence; and (6) any other relevant factor. Immigration and Nationality Act ("INA") § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006).[1] Further, any inaccuracy, inconsistency, or falsehood used to support an adverse credibility finding need not go to the heart of the applicant's claim. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).

In making an adverse credibility finding, the IJ must give "specific, cogent reasons" for the finding. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir.2006) (quotation marks omitted). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287.

We review factual findings, including credibility determinations, under the substantial evidence test. *Id.* at 1286. We must affirm findings that are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* Further, we must "review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that deci-

---

1. For purposes of determining eligibility for both asylum and withholding of removal, the IJ's credibility finding is governed by 8 U.S.C. § 1158(b)(1)(B). *See* INA § 241(b)(3)(C), 8 U.S.C. § 1231(b)(3)(C).

sion." *Id.* We will overturn a credibility finding only if the record compels it. *Id.* at 1287.[2]

## II. WEI'S CLAIMS

▉ Wei based his claims for relief on his political activity in China. According to Wei, he attended a March 14, 2010 Chinese Communist Party ("CCP") meeting at which he successfully led opposition to the local government's proposed sale of land to developers. Afterward, Wei was arrested, beaten several times, and served one year in jail for disturbing public safety. After his release, Wei frequently was required to report to the police station, where police officers questioned and beat him. Wei also was expelled from the CCP.

In Wei's case, the IJ and the BIA gave specific and cogent reasons for finding Wei's account not credible. In particular, the IJ and the BIA noted inconsistencies between Wei's oral testimony, his written statement, the statements of his wife and brother in China, his credible fear interview, and his statement to border patrol agents about: (1) whether Wei was required to attend the March 14, 2010 CCP meeting; (2) the dates on which he was convicted and then released from jail; (3) the date on which he was expelled from the CCP; (4) whether Wei feared returning to China; (5) why Wei came to the United States; (6) whether Wei had Chinese court documents regarding his sentencing and incarceration; and (7) what happened to those documents. In addition, the IJ found, and the BIA agreed, that Wei's explanation that he learned that the CCP restricted freedom of speech only a few years after he joined the party was not plausible.

Further, the credibility finding is supported by substantial evidence. The record contains multiple inconsistencies regarding significant dates, such as the dates of his conviction, release, and expulsion from the CCP. Wei also failed to mention his Chinese court documents until his hearing. Finally, Wei gave a sworn statement to border patrol officers that he came to the United States to find work and did not fear returning to China. At his hearing and then again before the BIA, Wei explained that he made that statement because he feared being beaten by the border patrol officers. This explanation, however, was inconsistent with his claims that he intended to seek asylum in the United States, believed he would obtain it, and voluntarily surrendered to the officers after entering the country from Mexico. And, in any event, a tenable explanation does not compel us to overturn the credibility finding. *See Chen,* 463 F.3d at 1233.

Wei contends the inconsistencies relied upon to discredit him were trivial in comparison to his claims. To the contrary, several inconsistencies were not minor, but related directly to key events of his political persecution claims. Nonetheless, his argument fails because an adverse credibility finding may be based on any inconsistencies, regardless of whether they go to the heart of the applicant's claim. *See* INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B). Given the inconsistencies and implausibilities identified by the IJ and the BIA, the record does not compel a conclusion that Wei testified credibly.

▉ Substantial evidence also supports the IJ's and the BIA's finding that, in light of the adverse credibility finding, Wei failed to meet his burden of proving eligibility for asylum, withholding of removal,

---

**2.** Because the BIA adopted most of the IJ's reasons for the credibility finding, we review both the BIA's decision and the IJ's decisions to the extent they agree. *See Rodriguez v. U.S. Att'y Gen.,* 735 F.3d 1302, 1308 (11th Cir. 2013).

or CAT relief. Wei's claims rested primarily on his own account, his wife's account, and his brother's account, all of which had inconsistencies that were the basis of the adverse credibility finding. Wei does not contend that the other evidence in the record, absent his discredited account, compels a conclusion that he was eligible for any of the requested relief.

**PETITION DENIED.**